UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE HUMBERT,

    Petitioner,

v.

WILLIE SMITH,

    Respondent.

_____/

Case No. 1:10-cv-263

HON. JANET T. NEFF

## OPINION

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 94) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Dkt 101). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

### I. Objections

The Magistrate Judge concluded that "Petitioner's motion to withdraw his guilty plea is neither contrary to, nor involves an unreasonable application of, clearly established federal law" (R&R, Dkt 94 at 14). Petitioner raises no objections to this conclusion. Similarly, Petitioner does not object to the Magistrate Judge's conclusion that his three claims—the right to present an insanity

defense and to be afforded due process and the effective assistance of counsel—are unexhausted claims that are properly denied (*id.* at 25-30).[1] Petitioner's objections challenge the Magistrate Judge's remaining conclusion, "that the determination that Petitioner's right to counsel on appeal was not denied is neither contrary to, nor involves an unreasonable application of, clearly established federal law" (*id.* at 25).

First, Petitioner argues that because "the procedures and safeguards articulated by the United States Supreme Court in *Anders* and *Robbins* . . . were not adhered to," the Magistrate Judge erred in concluding that his right to counsel on appeal was not denied (Objs., Dkt 101 at 3). This objection lacks merit. The Magistrate Judge thoroughly considered the procedures and safeguards articulated in *Anders*, *Robbins*, and *Wende*. The Magistrate Judge properly concluded that "while [the procedure in Petitioner's case] falls short of the *Wende* procedure found sufficient in *Robbins*, it does not suffer from the many deficiencies of the procedure rejected in *Anders*" (R&R, Dkt 94 at 22). Further, the Magistrate Judge correctly noted that "there does not exist any clearly established Supreme Court authority holding (or even suggesting) that a procedure falling between those two extremes violates the Constitution" (*id.*). Accordingly, this objection is denied.

Petitioner next claims error in the Magistrate Judge's conclusion based on his assertion that for him "to proceed to the court of appeals with an application for leave to appeal was pointless as the time to timely file had elapsed (as a result of appellate counsels [sic] and the court's delays) …" (Objs., Dkt 101 at 4). Petitioner's assertion lacks merit. Although Petitioner references the 21-day

---

[1] Petitioner concludes his objections with the statement, "Besides, there is some merit in the claims considered unexhausted by the magistrate judge" (Objs., Dkt 101 at 7). This statement is accompanied by a footnote contending that the unexhausted claims have merit. However, Petitioner does not address (and therefore does not establish any error in) the Magistrate Judge's conclusion that the claims should be denied because they are unexhausted.

period for filing an application for leave to appeal, MICH. CT. R. 7.205, he overlooks the exception for a criminal defendant who has "filed a delayed request for the appointment of counsel … within the 6-month period," MICH. CT. R. 7.205(F)(4)(a). Further, Petitioner could have submitted a statement of facts explaining the delay. *See* MICH. CT. R. 7.205(F)(1).

In support of his further assertion that to proceed without counsel on appeal "would have been a daunting task," Petitioner excerpts language from the Supreme Court's decision in *Halbert v. Michigan*, 545 U.S. 605, 621-22 (2005) (Objs., Dkt 101 at 4-6). However, Petitioner's assertion about the character of the task does not establish any error with the Magistrate Judge's conclusions in this case. Moreover, as noted above, Petitioner, unlike the defendant in *Halbert,* was afforded appellate counsel.

Petitioner next emphasizes that he was a "first-tier review applicant," who was "forced to act *pro se* . . . faced with a record un-reviewed by appellate counsel, and . . . equipped with no attorney's brief prepared for or reasoned opinion by, a court of review" (Objs., Dkt 101 at 6). This argument also fails to demonstrate any error in the Magistrate Judge's analysis. Further, as the Magistrate Judge found, Petitioner's appellate counsel provided "a detailed discussion of the record and the possible appellate issues," and the decision to "permit counsel to withdraw was made after review and analysis by both counsel and a court" (R&R, Dkt 94 at 22).

Last, Petitioner contends that his "case has never been found to be 'wholly frivolous' nor has any state appellate court denied/dismissed his appeal as frivolous . . . " (Objs., Dkt 101 at 7). This contention is without merit. As the Magistrate Judge noted, the trial court determined that an appeal "would be frivolous," though it did not terminate his appeal (R&R, Dkt 94 at 23). The Magistrate Judge also properly noted that Petitioner never sought to appeal after counsel withdrew (*id.*).

## II. Certificate of Appealability

Having determined that Petitioner's objections lack merit, the Court must further determine, pursuant to 28 U.S.C. § 2253(c), whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). Each issue is reviewed individually. *See Slack v. McDaniel*, 529 U.S. 473 (2000); *see also Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

This Court agrees with the Magistrate Judge's recommendation that a certificate of appealability be granted as to Petitioner's claim that he was denied his right to appellate counsel. To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability where a district court has denied a habeas petition on the merits, the petitioner must demonstrate that the claim in question is one on which reasonable jurists could disagree. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). While this Court agrees with the recommendation that this petition be denied, the Court also concludes that Petitioner satisfies the standard for obtaining a certificate of appealability.

A Final Order will be entered consistent with this Opinion.


Dated: September  5 , 2013           /s/ Janet T. Neff
                                     JANET T. NEFF
                                     United States District Judge

4